UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,

vs.                                                                    Case No. 07-11700

DARRYL R. MILLER, a/k/a                                 HON. AVERN COHN
D. RICHARD MILLER and
CITY OF OAK PARK ASSESSOR,

   Defendants.
_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANT'S MOTION TO STRIKE OR DISMISS[1]

### I. Introduction

This is a federal tax suit. Plaintiff, the United States of America, is suing defendant Darryl R. Miller ("Miller") alleging he failed to pay his taxes between 1984 and 2005 on real property located in Oak Park, Michigan.[2] The government says that Miller liable in the amount of $202,485.54. Miller is proceeding pro se. Before the Court is Miller's motion to strike or dismiss the complaint under Rule 12(b)(5) on the grounds of insufficient service of process. For the reasons that follow, the motion is DENIED.

### II. Background

The Internal Revenue Service ("IRS") IRS has recorded the following liens on

---

[1]Upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2]The government also sued The City of Oak Park Assessor because it may claim an interest in the subject property.

Miller's property:

(1) On March 19,1999, the IRS recorded a federal tax lien against Miller for the tax years 1986 and 1987;

(2) On July 8, 2005, the IRS recorded a federal tax lien against Miller for 1984-2003 with the Oakland County Register of Deeds at Liber;

(3) On March 2, 2007, the IRS recorded a new federal tax lien for the tax years 1984 and 1985, because the July 8, 2005 tax lien self-released as to the tax years of 1984 and 1985.

These federal tax liens have been attached to the property owned (by warranty deed) by Miller which is located at 22000 Stratford Street, Oak Park, MI, 48237 ("Oak Park property").

On April 17, 2007, the government filed this action against Miller to (1) reduce to judgment the unpaid federal income tax assessments, (2) establish the validity of federal tax liens upon all property and right to property of Miller, and (3) foreclose the federal tax liens upon the Oak Park property.

Summonses for Miller were issued on April 17, 2007. On June 11, 2007, the government sent a letter to Miller at his last known address, the Oak Park property, requesting that he waive service of the summons and complaint. Miller did not return the waiver which led to two unsuccessful attempts to serve Miller at the Oak Park property, once on July 17, 2007 and the other on July 19, 2007.

On August 3, 2007, Miller contacted counsel for the government by telephone. During the conversation, Miller was asked again to waive personal service of summons and complaint. It was agreed that the waiver of service would be resent to a P.O. Box provided by Miller. The waiver was resent on August 6, 2007. Miller subsequently left messages on the voice mail of counsel for the government stating that he had not yet

2

reviewed the waiver that was sent.  Due to many failed attempts, the government was unable to effectuate service within the 120-day statutory period under Rule 4(m).

Accordingly, on September 10, 2007, the government filed an *ex parte* motion to extend the period of time to serve Miller.  The Court granted the motion the same day.

On September 11, 2007, Revenue Officer M. Bryant for the government personally served Miller with a copy of the summons and complaint before he was scheduled to teach an LSAT preparatory class at a hotel in Ann Arbor, MI.  Before serving him, the revenue officer confirmed that Miller's car was in the parking lot of the hotel.  Also, the revenue officer recognized Miller's voice from previous telephone conversations; he introduced himself and showed his credentials.  Although when approached by the revenue officer, Miller denied his idenitfy and threatened to call hotel security.  The revenue officer therefore left the summons and complaint on top of a briefcase which was on the table and podium in front of Miller.

Later that evening, Miller left the revenue officer voice messages indicating that he was never served and that a "Mr. Steel" was served.  He also said that he received the summons and complaint from "Mr. Steel."  The revenue officer, however, learned from Miller's employers that Miller was the only instructor scheduled to teach the Ann Arbor LSAT class on September 11, 2007, and that there is no employee by the name "Mr. Steel" working for them.

On October 1, 2007, Mr. Miller filed a motion to strike or dismiss the complaint on the grounds that service was defective.

### III.  Analysis

**A.**

Fed. R. Civ. P. 4(e)(2) provides that service upon an individual may be effected by

> delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Miller says that he was not sufficiently served under Rule 4(e)(2). He says that because the papers were not given to him and that they were served to a "Mr. Steel" that the case should be dismissed. "Once sufficiency of service of process is challenged the party on whose behalf service was made bears the burden of establishing the validity of service." Bolivar v. Director of the FBI, 846 F. Supp. 163, 166 (D.P.R. 1994). The government argues that the papers were served to Miller and that no "Mr. Steel" exists. The Court agrees.

As set forth above, the government made repeated attempts to offer Miller the opportunity to sign a waiver prior to serving Miller at the hotel. Miller gave a P.O. Box address to have the waiver sent to after the government had sent two waivers to his Oak Park property. Miller left messages, after receiving the waiver, stating he had not had time to look over the papers. These delays caused the 120 day period of time stated in Fed. R. Civ. P. 4(m) to expire. The Government then filed an *ex parte* motion to extend the time period which was granted that same day.

The rules governing service of process are intended to allow for the intended recipient to actually receive the papers. Ali v. Mid-Atl. Settlement Servs., Inc., 233 F.R.D. 32, 36 (D.D.C. 2006). "The service of process is not a game of hide and seek.

Where service is repeatedly effected in accordance with the applicable rules of civil procedure and in a manner reasonably calculated to notify the defendant of the institution of an action against him, the defendant cannot claim that the court has not authority to act when he has willfully evaded the service of process." Mid-Atlantic Settlement Serv., Inc._, 233 F.R.D. at 36 (citation omitted).  Moreover, "[s]ervice is complete when the defendant is in close proximity to a revenue officer and under circumstances in which a reasonable person would be convinced that personal service of summons is being attempted." Id. "Personal service of process under Rule 4(e)(2), permitting service by "delivering a copy of the... [papers] to the individual personally," does not require an "in hand" delivery and acceptance of the papers." Id.

Thus, even though Miller refused acceptance of the papers, service was complete when the revenue officer located him at the hotel.  Although Miller contends that he was not personally served and that the papers were given to a "Mr. Steel," the record belies this assertion.  The revenue officer received oral and written confirmation from Miller's employers that Miller was the only instructor scheduled to teach the Ann Arbor LSAT class on September 11, 2007, and that there is no employee by the name "Mr. Steel" working for them.  The revenue officer identified Miller's car in the hotel parking lot and recognized his voice; leading to the conclusion that the man to whom he served the papers was in fact Miller.  Also, Miller himself left voice messages with the revenue officer whereby Miller confirmed that he had received the summons and complaint. Thus, service was effected under Fed. R. Civ. P. 4(e)(2).

Moreover, the fact that Miller did not accept the papers in hand at the hotel, service was still valid when the revenue officer left the papers in front of him.  See

Sakallah v. Harahn Living Center, Inc., 2006 WL 2228967(E.D. La. Aug. 2, 2006) (holding that service of process was fulfilled when the revenue officer left the summons with defendant's 22-year-old granddaughter when defendant refused to take the documents)  While Miller did not directly take the papers from the revenue officer, they were left for him on top of the briefcase which was on the table right in front of him.  This was sufficient.  See Gambone v. Lite-Rock Drywall Corp. No. Civ. A. 01-1071, 2003 WL 21891584 at *4 (E.D. Pa. Aug. 7, 2003) (stating that "[d]elivery of a summons to the person to be served who resists service may be accomplished by leaving it in his general vicinity, such as on a table or on the floor, near that person."); TRW, Inc. v. Derbyshire, 157 F.R.D. 59, 60 (D. Col. 1994) (stating that "[t]he rules governing service of process are not designed to create an obstacle course for plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." )  Miller was therefore served when the revenue officer identified himself and placed the papers on the briefcase in front of Miller.

The Court is constrained to observe that Miller's actions by delaying the waiver and refusing to accept the summons and complaint from the revenue officer indicate he has been attempting to avoid service.  Miller is cautioned Miller against engaging in similar tactics during the pendency of this case.

SO ORDERED.


Dated:  October 29, 2007            　s/Avern Cohn
                                    AVERN COHN
                                    UNITED STATES DISTRICT JUDGE

**07-11700 USA v. Miller, et al**

**Certificate of Service**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and D. Richard Miller, P.O. Box 37094, Oak Park, MI 48237-0094 on this date, October 29, 2007, by electronic and/or ordinary mail.

                                                s/Julie Owens
                                                Case Manager, (313) 234-5160