UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      Case No. 07-11700

DARRYL R. MILLER, a/k/a                      HON. AVERN COHN
D. RICHARD MILLER and
CITY OF OAK PARK ASSESSOR,

    Defendants.
_____/

## ORDER DENYING
## DEFENDANT'S MOTION TO REMOVE ACTION TO LOWER, STATE COURT[1]

I.

This is a federal tax suit. Plaintiff, the United States of America, is suing defendant Darryl R. Miller ("Miller") alleging he failed to pay his taxes between 1984 and 2005 on real property located in Oak Park, Michigan.[2] The government says that Miller liable in the amount of $202,485.54. Miller is proceeding pro se. Before the Court is Miller's "Motion to Remove Action to Lower, State Court," to which the government has responded. For the reasons that follow, the motion is DENIED.

II.

The Internal Revenue Service ("IRS") IRS has recorded the following liens on

---

[1]Upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2]The government also sued The City of Oak Park Assessor because it may claim in interest in the subject property.

Miller's property:

(1) On March 19,1999, the IRS recorded a federal tax lien against Miller for the tax years 1986 and 1987;

(2) On July 8, 2005, the IRS recorded a federal tax lien against Miller for 1984-2003 with the Oakland County Register of Deeds at Liber;

(3) On March 2, 2007, the IRS recorded a new federal tax lien for the tax years 1984 and 1985, because the July 8, 2005 tax lien self-released as to the tax years of 1984 and 1985.

These federal tax liens have been attached to the property owned (by warranty deed) by Miller which is located at 22000 Stratford Street, Oak Park, MI, 48237 ("Oak Park property").

On April 17, 2007, the government filed this action against Miller to (1) reduce to judgment the unpaid federal income tax assessments, (2) establish the validity of federal tax liens upon all property and right to property of Miller, and (3) foreclose the federal tax liens upon the Oak Park property.

III.

Miller's argues, from what can be gleaned, that the Court lacks jurisdiction over this matter because the government was required "to establish, prior to bringing this action, that the defendant even has an interest in the property which is the subject of this action." Miller's argument lacks merit for several reasons.

First, the government's complaint invokes the jurisdiction of the Court, citing 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. §§ 7402 and 7403. Any and all of these statutes are sufficient to establish the Court's jurisdiction over this case brought by the government to collect on unpaid internal revenue taxes. Namely, section 1340 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under

2

any Act of Congress providing for internal revenue . . ." Section § 1345 confers federal jurisdiction over "all civil actions, suits or proceedings commenced by the United States . . ." Sections 7402 and 7403 outline a federal district court's authority in these types of cases. Thus, the Court clearly has jurisdiction over this matter.

Second, there is no authority for Miller's assertion that the government must establish its interest in the property prior to filing this case. The fact that the government alleges an interest in the property is sufficient.

Finally, there is no procedural device to "remove" an action filed in federal court to a "lower, state court."

SO ORDERED.

    s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: February 7, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Darryl R. Miller, P O Box 37094, Oak Park, MI 48237-0094 on this date, February 7, 2008, by electronic and/or ordinary mail.

    s/Julie Owens  
Case Manager, (313) 234-5160